1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9  NATURAL RESOURCES DEFENSE        )    1:05-cv-1207 OWW LJO
   COUNCIL, et al.,                 )
10                                  )    SCHEDULING CONFERENCE ORDER
                   Plaintiffs,      )
11                                  )
        v.                          )
12                                  )
   GALE A. NORTON, Secretary, U.S.  )
13 Department of the Interior, et   )
   al.,                             )
14                                  )
                   Defendants.      )
15                                  )
   SAN LUIS & DELTA-MENDOTA WATER   )
16 AUTHORITY and WESTLANDS WATER    )
   DISTRICT, et al.,                )
17                                  )
        Defendant-Intervenors.      )
18                                  )
   _____)
19

20

21 I.   Date of Scheduling Conference.

22      February 8, 2006.

23 II.  Appearances Of Counsel.

24      Kronick, Moskovitz, Tiedemann & Girard by Daniel J.

25 O'Hanlon, Esq., appeared on behalf of Plaintiffs San Luis &

26 Delta-Mendota Water Authority and Westlands Water District.

27      James Maysonette, Esq., Trial Attorney, U.S. Department of

28 Justice, appeared on behalf of Defendants U.S. Department of the

                              1

1 | Interior and all other Federal Defendants.

2 |     Gibson, Dunn & Crutcher by Christopher H. Buckley, Jr.,

3 | Esq., appeared on behalf of Plaintiffs California Farm Bureau

4 | Federation, a California non-profit corporation.

5 |     Brenda Jahns Southwick, Esq., appeared on behalf of

6 | Plaintiffs Ted Sheeley and California Farm Bureau Federation.

7 |     Rhonda Lucas, Esq., appeared on behalf of Plaintiff

8 | California Farm Bureau Federation.

9 |     Trent W. Orr, Esq., Andrea A. Treece, Esq., and Katherine

10 | Poole, Esq., appeared on behalf of Natural Resources Defense

11 | Council.

12 |     Andrew M. Hitchings, Esq., appeared on behalf of Defendant-

13 | Intervenor Glenn-Colusa Irrigation District.

14 |     Clifford Lee, Esq., Assistant Attorney General, appeared on

15 | behalf of Defendant-Intervenor California Department of Water

16 | Resources.

17 | III.  Summary of Pleadings.

18 |     1.  On July 30, 2004, the U.S. Fish and Wildlife Service

19 | ("Service") issued a biological opinion concluding that the

20 | changes to operations presented in the 2004 Operations Criteria

21 | and Plan ("2004 OCAP") for the Central Valley Project ("CVP") and

22 | the State Water Project ("SWP") would neither jeopardize the

23 | continued existence of the Delta smelt, a species listed as a

24 | threatened species under the Endangered Species Act ("ESA"), 16

25 | U.S.C. §§ 1531, et seq., nor cause destruction or adverse

26 | modification of its critical habitat.  The Department of the

27 | Interior ("Interior"), which operates the CPV through its Bureau

28 | of Reclamation, subsequently reinitiated consultation with the

  
1  Service to re-examine "potential critical habitat issues."  On

2  February 16, 2005, the Service issued a new biological opinion

3  ("Biological Opinion"), which likewise found no jeopardy or

4  adverse modification of critical habitat.

5         2.      Plaintiffs filed their original Complaint for

6  declaratory and injunctive relief in the United States District

7  Court for the Northern District of California on February 15,

8  2005.   In response to the revised biological opinion, Plaintiffs

9  filed a supplemental complaint on May 20, 2005.[1]  Plaintiffs

10 alleged that the Secretary of the Interior's ("Secretary") "no

11 jeopardy" conclusion in the Biological Opinion was arbitrary,

12 capricious, an abuse of discretion, and not in accordance with

13 law, in violation of ESA Section 7 and its implementing

14 regulations and the standards of the Administrative Procedure

15 Act, 5 U.S.C. § 706.  Defendants filed their answer on June 22,

16 2005.[2]  Defendant-Intervenors California Farm Bureau Federation

17 ("Farm Bureau"), San Luis & Delta-Mendota Water Authority and

18 Westlands Water District ("Westlands"), Glenn-Colusa Irrigation

19

20        [1] On April 11, 2005, Plaintiffs and Defendants filed the
21 stipulation re answer, filing of supplemental complaint and
   answer thereto, and continuance of case management conference and
22 proposed order, by which Plaintiffs proposed and Defendants
   agreed that Plaintiffs would file a supplemental complaint in
23 response to the Service's recently issued Biological Opinion,
   Defendants would file their answer to the supplemental complaint
24 within thirty days after the filing of that complaint, and the
   case management conference would be continued to July 15, 2005.
25 The court granted this order on April 14, 2005.
26
        [2] Defendants and Plaintiffs filed and the Court granted a
27 stipulation to extend time for filing answer to complaint, which
28 extended Defendants' time for filing its answer to June 22, 2005.

1   District, et al., ("GCID"), and California Department of Water

2   Resources ("DWR") filed their answers on June 6, 2005, June 23,

3   2005, December 14, 2005, January 31, 2006, respectively.

4        3.    After initial assignment to a magistrate judge, the

5   case was reassigned to the Hon. Claudia Wilken of the Oakland

6   Division of the Northern District on March 31, 2005.  Westlands,

7   the Farm Bureau, and State Water Contractors filed timely motions

8   to intervene on behalf of Defendants.  On June 13, 2005, the

9   Court granted intervention to the Authority and the Farm Bureau

10  and denied intervention to the State Water Contractors.  The

11  State Water Contractors sought reconsideration of the order to

12  the extent it denied them leave to intervene.  Plaintiffs opposed

13  their motion, and on July 21, 2005, Judge Wilken denied

14  reconsideration.  The State Water Contractors have appealed that

15  decision to the Ninth Circuit.  Oral argument has not yet been

16  scheduled, though the Ninth Circuit granted the State Water

17  Contractors' motion for an expedited hearing schedule on January

18  19, 2006.

19       4.    Two other parties have been granted intervention since

20  the case was transferred to the Court.  DWR moved to intervene on

21  October 12, 2005.  The Court granted it intervention on January

22  5, 2006.  GCID filed its motion to intervene on November 4, 2005.

23  The parties stipulated to GCID's intervention in the remedial

24  aspects of the case; the Court approved that stipulation on

25  December 9, 2005.

26       5.    On June 28, 2005, Westlands filed a motion, which Farm

27  Bureau joined, to transfer this case from the Northern District

28  to the Eastern District.  Judge Wilken granted the motion to

1 | transfer on September 6, 2005.  The transfer was accomplished on
2 | September 28, 2005.
3 |     6.    Defendants filed the administrative record underlying
4 | the Service's "no jeopardy" biological opinion on July 25, 2005.
5 |     7.    Another case concerning the environmental impacts of
6 | the 2004 OCAP has been pending in the Northern District of
7 | California.  *Pacific Coast Federation of Fishermen's Associations*
8 | *v. Gutierrez*, Case No. 05-3232 JCS, concerns the adequacy of a
9 | separate biological opinion by the National Marine Fisheries
10 | Service on the impacts of the 2004 OCAP on five salmon and
11 | steelhead species, as well as the Bureau's alleged failure to
12 | complete environmental review for the 2004 OCAP under the
13 | National Environmental Policy Act ("NEPA").  On January 24, 2006,
14 | Magistrate Judge Spero ordered this case transferred to the
15 | Fresno Division of the Eastern District based on similarities
16 | between the two cases.  This relationship is addressed further
17 | below.
18 |     8.    The parties agree that service of Plaintiff's original
19 | complaint was effective on February 16, 2005.  Plaintiffs filed
20 | their first supplemental complaint on May 20, 2005.  All
21 | defending parties have filed answers.
22 | IV.  Case Schedule.
23 |     A.    Cut-Off Dates for Dispositive Motions.
24 |     1.    <u>Finalizing the Administrative Record</u>.  On or
25 | before March 8, 2006, any motions to supplement the record shall
26 | be filed.  Any oppositions to those motions shall be filed March
27 | 20, 2006.  Any replies shall be filed by March 27, 2006.  The
28 | hearing on motions to augment the record shall be held April 3,

5

1 | 2006, at 9:00 a.m.   Service of all motions shall be by fax and/or

2 | e-mail.

3 |        2.   <u>Cross-Motions for Summary Judgment</u>.   The

4 | Plaintiffs will file motions for summary judgment by April 24,

5 | 2006.   Any opposition thereto and cross-motions for summary

6 | judgment shall be filed by May 24, 2006.   Plaintiffs shall file

7 | their replies and opposition to Defendants' cross-motions for

8 | summary judgment by June 21, 2006.   Defendant and Defendant-

9 | Intervenors shall file their reply briefs to Plaintiffs'

10 | opposition to Defendants' cross-motions by July 5, 2006.   The

11 | hearing is scheduled for July 31, 2006, at 9:00 a.m.   The Court

12 | will reserve time for extended oral argument.

13 |        3.   Pending the outcome of the motions, a further

14 | scheduling conference will be scheduled as required.

15 |        4.   Any further motions to intervene by any party

16 | shall be filed on or before March 8, 2006.

17 |

18 | DATED:   February 9, 2006.

19 |

20 |                                    /s/ OLIVER W. WANGER

21 |                                    Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

22 | natural resources v. norton sch con

23 |

24 |

25 |

26 |

27 |

28 |