**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior, et al.,**<br><br>    Defendants,<br><br>**CALIFORNIA DEPARTMENT OF WATER RESOURCES,**<br><br>    Defendant-Intervenor,<br><br>**STATE WATER CONTRACTORS,**<br><br>    Defendant-Intervenor,<br><br>**SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al.,**<br><br>    Defendant-Intervenors. | 1:05-cv-1207 OWW TAG<br><br>ORDER ON PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT |

The Court has read and considered the memoranda of points and authorities and other documents in support of and in opposition to Plaintiffs' Motion for Summary Judgment, and has heard and considered the arguments of counsel at the hearing on

1

this matter held on April 26, 2007.

NOW THEREFORE, good cause appearing, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for summary judgment. Specifically, the Court FINDS and DECLARES that the U.S. fish and Wildlife Service's ("FWS") 2005 biological opinion on the impacts of the long-term operations of the Central Valley Project and State Water Project on the delta smelt ("2005 BiOp") is unlawful and inadequate on the following grounds:

(1) The Delta Smelt Risk Assessment Matrix, as currently structured, does not provide a reasonable degree of certainty that mitigation actions will take place, even if FWS retains the discretion to draw upon numerous sources of water, not just the Environmental Water Account, Central Valley Project Improvement Act (b)(2) water, and Vernalis Adaptive Management Plan programs, to support fish protection.

(2) FWS failed to utilize the best available scientific information by not addressing the 2004 fall midwater trawl data and the issue of climate change.

(3) The 2005 BiOp's historical approach to setting take limits fails to consider take in the context of most recent overall species abundance and jeopardy.

(4) The 2005 BiOp did not adequately consider impacts to critical habitat by (a) failing to analyze how project operations will impact the value of critical habitat for the recovery of the smelt and (b) failing to consider impacts upon the entire extent of known smelt critical habitat.

The Court GRANTS Plaintiffs' motions for summary judgment with respect to these claims.  Plaintiffs' remaining claims are

1  DENIED.
2       This Order is effective this 1st day of June, 2007, at 12:30
3  p.m.  The parties have agreed that the effect of the order as to
4  Endangered Species' Act consequence under §§ 7 and 9 shall be
5  stayed pending further order of this court or entry of final
6  judgment, whichever first occurs.
7       The stay is without prejudice to the right of any party to
8  seek legal or equitable relief to address any injury in
9  accordance with the requirements of law.
10      A separate remedies hearing shall be scheduled in accordance
11 with the schedule agreed to by the parties and adopted this day
12 in open court.

14 IT IS SO ORDERED.
15 Dated:   June 1, 2007                /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE