**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior, et al.,<br><br>            Defendants,<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES,<br><br>            Defendant-Intervenor,<br><br>STATE WATER CONTRACTORS,<br><br>            Defendant-Intervenor,<br><br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al.,<br><br>            Defendant-Intervenors, | 1:05-cv-1207 OWW TAG<br><br>COURT'S IDENTIFICATION OF ISSUES AND SUBJECT MATTER FOR EXPERT TESTIMONY AT THE AUGUST 21, 2007, EVIDENTIARY HEARING ON REMEDIES |

   The Court requests that the parties' testifying experts be prepared to address among other subjects they plan to present, the following issues or subject matter.

   1.   Description and identification of the best scientific

information to identify overall existing Delta smelt population in the Sacramento-San Joaquin Delta and any adjacent habitat.

2.   Describe what is the best scientific information currently available for abundance, population decline, mortality, or other data that bear on the existence, survival, recovery, and potential extinction of the Delta smelt.

3.   Identify and describe most current population data, scientific assumptions, and explanation of the setting of take limits and whether the existing take limits will or will not improve, maintain or jeopardize continued existence of Delta smelt in the subject habitat areas.

4.   Define the extent of the known Delta smelt habitat covered by the disputed Biological Opinion.  Identify and describe the critical habitat for continued existence and recovery of the Delta smelt; analyze current and projected CVP and SWP water project operations on the existence, survival, and recovery of Delta smelt.

5.   Explain reasons for differences in the population data, abundance, survival, and recovery opinions among the parties' experts concerning the Delta smelt.

6.   Specifically describe and identify proposed OCAP changes and impacts on existence, survival, and recovery of the Delta smelt.

7.   Identify the nature and extent of any resources any party contends would be irreversibly or irretrievably committed pending the current reconsultation by any actions proposed to be taken to protect the Delta smelt.

8.   Identify the nature, extent, and effects of any

mitigation measures that any concerned agency will take to ensure the continued existence and survival of Delta smelt.

9.  Evaluate any proposed reasonable and prudent alternative which is or will be sought to be implemented to avoid jeopardy to the Delta smelt or its critical habitat.

10. Identify and describe the nature and extent of harms to be visited upon other parties in the event that CVP and SWP pumps' operations are shut down or interrupted.

11. Provide a realistic evaluation of impacts on municipal and industrial users, emergency water suppliers, power generators, and other water users at projected intended levels of interruption or cessation of pumping operations of the CVP and SWP.

12. Explain and analyze the U.S. Fish and Wildlife Service's proposed remediation Matrix in terms of volume of reduction of State and Federal pumping, water flows and effect on water deliveries to CVP and SWP contractors.

13. Provide factual reasons based on generally accepted scientific principles and/or reasonably recognized water project operations measures that militate for or against vacating the Biological Opinion in dispute.

14. Identify and describe interim effects on the Delta smelt and its habitat if the BiOp is remanded to the Agency without vacatur of the existing BiOp.

15. Identify and describe the nature of and what cost and consequences would be incurred if a "temporary physical intertie" were constructed and operated.

16. Identify and quantify consequences to all parties and

3

the public of operating the CVP and SWP without a take limit.

17. Describe all probable risks to public health and safety that would be caused by vacating the BiOp and reducing or ceasing CVP and SWP pumping operations to avoid jeopardy to the Delta smelt or its critical habitat.

18. Describe and evaluate the impact and effect of take limits; need for modification of take limits; and what reasonable and prudent measures must be implemented to minimize adverse impact on the Delta smelt and its critical habitat.

IT IS SO ORDERED.

Dated:   August 14, 2007                 /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE