UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>DIRK KEMPTHORNE, *et al.*,<br><br>             Defendants,<br><br>      v.<br><br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.*,<br><br>             Defendant-Intervenors. | 1:05-CV-01207 OWW TAG<br><br>ORDER RE MOTIONS FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO DISMISS (Docs. 625-27, 629-30, 632, 635, 638-39, 640-41, 644, 648) |

   This case concerns the impact of the 2004 Operations and Criteria Plan ("OCAP"), which governs the coordinated operation of the State Water Project ("SWP") and Central Valley Project ("CVP"), on the endangered delta smelt.  On April 4, 2008, Plaintiffs filed their Third Amended Complaint ("TAC"), which requests, among other things, an injunction that would prohibit Federal Defendants and Defendant-Intervenors from continuing to perform under numerous long-term water supply contracts identified in the TAC.  (Doc. 575 at 30.)

**1**

1     A previous memorandum decision in this case held that if
2 Plaintiffs seek to take action against contracts held by absent
3 contractors, those contractors must be joined as parties, as
4 required under Federal Rule of Civil Procedure 19(a).  (Doc. 567
5 at 69, filed Jan. 23, 2008.)  Plaintiffs were also ordered to
6 "provide a list designating each contract and the contracting
7 party" against which they planned to seek injunctive relief.
8 (*Id.*)

9     In response to that ruling, Plaintiffs included in the TAC a
10 list of the 13 then-existing Defendant-Intervenors as well as a
11 list of 34 additional contractors Plaintiffs were joining as
12 Defendants.  (Doc. 575 at ¶¶ 26-27.)  Plaintiffs did not, at the
13 time, produce the "list" requested by the court.

14     On May 8, 2008, Federal Defendants' moved for a more
15 definite statement or, in the alternative, to dismiss the TAC,
16 arguing that it did not sufficiently specify the contracts
17 against which Plaintiffs sought injunctive relief.  (Doc. 625,
18 filed May 8, 2008.)  Numerous Defendant-Intervenors joined the
19 Federal Defendants' (Docs. 627, 629-30, 632, 635, 638-39, 640-41,
20 644, 648).  Movants' concern centered upon the fact that,
21 although the TAC lists the parties joined as defendants, it
22 nevertheless makes passing reference to numerous other contracts.
23 (*See* Doc. 575 at ¶¶ 43, 45-46.)

24     Plaintiffs filed a joint opposition brief on May 15, 2008,
25 in which Plaintiffs state that they "intend to challenge the
26 Bureau's execution and continuing performance of the long-term
27 water supply contracts held by [the] forty-two contractor
28 parties" identified in a list attached to their brief.  (Doc. 642

**2**

& Attachment 1.)

In light of Plaintiffs' representations, Federal Defendants now request that the district court resolve this issue by entering an order: (1) limiting the claims in the Plaintiffs' Third Supplemental Complaint to contracts held by the parties now joined to the case; and (2) then denying the Federal Defendants' motion as moot.[1]  (Doc. 652, filed May 23, 2008.)  This is an appropriate resolution.

Accordingly, **Plaintiffs claims are limited to those specific contracts between the parties now joined in the case**.  Federal Defendants' motion for a more definite statement or, in the alternative, to dismiss the TAC is **DENIED AS MOOT.**

**SO ORDERED**

**DATED:  May 30, 2008**

           **/s/ Oliver W. Wanger**
           **Oliver W. Wanger**
           **United States District Judge**

---

[1] Defendant-Intervenors remain concerned that Plaintiffs may later attempt to challenge additional contracts, pointing to language in Plaintiffs' joint opposition brief where Plaintiffs state that they will not seek to challenge the contracts of non-parties "in these proceedings" or in these "summary judgment proceedings."  (Doc. 653, filed May 23, 2008.)  Defendant-Intervenors' concerns have already been adequately addressed by the district court's previous ruling that absent parties who hold long-term water supply contracts must be joined if Plaintiffs seek to enjoin the performance of their contracts.  Defendant-Intervenors appear to have no further concerns with Federal Defendants' proposed resolution of the pending motion.