UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior, *et al.*,<br><br>    Defendants. | 1:05-CV-1207 OWW SMS<br><br>ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT. |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.*,<br><br>    Defendant-Intervenors. | |
| ANDERSON-COTTONWOOD IRRIGATION DISTRICT, *et al.*,<br><br>    Joined Parties. | |

   Plaintiffs' Third Amended Complaint, Docket No. 575 (Apr. 8, 2008), alleges that Federal Defendants acted unlawfully by executing 41 long-term Central Valley Project ("CVP") contracts without performing adequate reviews under the Endangered Species Act ("ESA") and that, by executing and implementing those contracts in reliance on what it knew or should have known to be a faulty ESA review, the Bureau of Reclamation ("Reclamation") failed to comply with the ESA.  In reviewing these claims, the

1

Court has read and fully considered the memoranda of points and authorities submitted by the parties in support and opposition to summary judgment, including supplemental memoranda on the application of the Supreme Court's decision in *National Association of Home Builders v. Defenders of Wildlife*, 127 S. Ct. 2518 (2008), relevant excerpts of the administrative record, and additional supplemental evidence on the nature of the Sacramento River Settlement Contractors' claimed senior water rights, and has heard and considered the argument of counsel at hearings on this matter held on September 12, 2008, Docket No. 751 and March 13, 2009, Docket No. 826.

NOW, THEREFORE, good cause appearing, and for the reasons set out in full in the Court's memorandum decisions on this issue, Memorandum Decision re Cross Motions for Summary Judgment re CVP Contract Rescission, Docket No. 761 (Nov. 19, 2008), Supplemental Memorandum Decision re Cross Motions for Summary Judgment Addressing Applicability of *National Association of Home Builders v. Defenders of Wildlife*, 127 S. Ct. 2518 (2007), to Plaintiffs' Request for Rescission of the Sacramento River Settlement Contracts, Docket No. 834 (Apr. 27, 2009), and the concurrently-filed Clarifying Memorandum Re Decisions Interpreting the Term "Project Water, Federal Defendants, Defendant-Intervenors, and Joined Parties' motions for summary judgment on these claims are GRANTED, and Plaintiffs' motion for summary judgment is DENIED, on the following grounds:

(1) Plaintiffs lack standing to challenge Reclamation's execution and implementation of the Delta-Mendota Canal Unit Water Service Contracts ("DMC Contracts"). To have standing,

1  Plaintiffs must establish a causal connection between these
2  contracts and harm to the delta smelt.  But while the
3  administrative record establishes such a connection between water
4  deliveries and harm to the delta smelt, the terms of the DMC
5  Contracts expressly allow Reclamation to take actions to protect
6  the delta smelt, including not delivering any water to DMC
7  Contractors if required "to meet legal obligations" such as
8  Section 7(a)(2) of the ESA.  These shortage provisions break any
9  chain of causal connection between the execution and ongoing
10 performance of the DMC Contracts and harm to the delta smelt.
11 Moreover, further ESA consultation would not make the DMC
12 Contracts more protective of the delta smelt because these
13 contracts are already entirely defeasible if the ESA so requires.
14      (2)  Plaintiffs' claims fail as to the Sacramento River
15 Settlement Contracts ("SRS Contracts") because Reclamation's
16 discretion is substantially constrained by prior contract.
17 Therefore, following the Supreme Court's decision in *Home*
18 *Builders*, 127 S. Ct. 2518 (2008), Section 7(a)(2) of the ESA does
19 not apply to the SRS Contract renewal process.  Specifically,
20 Article 9(a) of the SRS Contracts requires Reclamation to renew
21 these contracts for the same quantity of water, the same
22 allocation of water between base supply and project water, and
23 the same place of use on specifically designated land as the
24 original contracts.  By executing the original SRS Contracts,
25 Reclamation surrendered its power to change these terms.  Article
26 9(a) of the SRS Contracts provides for the exact definition of
27 water rights achieved in the original SRS Contracts to be
28 preserved upon renewal.  This substantially constrains

3

Reclamation's discretion to reduce diversions of Sacramento River System water for the benefit of the Delta smelt or any other reason, by fixing SRS Contractor quantities, allocations, and places of use upon renewal.

Having resolved the remaining claims presented in this matter, Federal Defendants shall submit a form of final judgment consistent with this and previous orders within ten (10) days of electronic service of this order.

The following orders on miscellaneous evidentiary issues, set out in its previous memorandum decisions and in its Memorandum Decision re Reclamation District 108, *et al.* and Glenn-Colusa Irrigation District, *et al.'s* Joint Objection to Plaintiffs' Request for Judicial Notice, Docket No. 835 (Apr. 27, 2009) are also entered:

(1)  The motions to augment the administrative record by the DMC Contractors, Docket No. 684, and Plaintiffs, Docket No. 682-2 are GRANTED.

(2)  The Declaration of Marc E. Van Camp, Docket No. 775 (Jan. 30, 2009), is admitted, except for any legal conclusions contained within that declaration (including Mr. Van Camp's use of the term "senior" in connection with his analysis of water rights), which are inadmissible.

(3) Glenn-Colusa Irrigation District *et al.'s* request for judicial notice, Docket No. 774 (Jan. 30, 2009) is GRANTED but the documents identified in that request are admissible only for the limited purpose of ascertaining whether the SRS Contractors hold definite and certain senior water rights.

1     (4)  The objections by the SRS Contractors, Docket No. 825
2  (Mar. 9, 2009), to Plaintiffs' request for judicial notice,
3  Docket No. 818 (Feb. 27, 2009), are sustained, and Plaintiffs'
4  request DENIED, except that the documents set out as Exhibits 2
5  and 14 to Plaintiffs' request are admitted as notice of the non-
6  binding legal opinions of the California Attorney General's
7  Office with respect to the interpretation of disputed legal
8  doctrines.

SO ORDERED

Dated:  June 3, 2009

                                    /s/ Oliver W. Wanger
                                   Oliver W. Wanger
                              United States District Judge