**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*, | Case No. 1:05-cv-01207 LJO-GSA |
| Plaintiffs, | ORDER RE FURTHER SCHEDULING |
| vs. | |
| DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior, *et al.*, | |
| Defendants. | |
| SAN LUIS & DELTA MENDOTA WATER AUTHORITY; et al., | |
| Defendant-Intervenors. | |
| ANDERSON-COTTONWOOD IRRIGATION DISTRICT; et al., | |
| Joined Parties. | |

Having reviewed the parties' joint status report and associated declarations, the Court issues the following rulings:

(1) Although Rule 12 motions may narrow the scope of certain claims in this case, the Court does not believe the claims are likely to be narrowed in a manner that would dramatically alter the nature and scope of the necessary administrative record. Therefore, there is no reason why the government should delay <u>beginning</u> to compile the administrative record. However, the government should be afforded a reasonable amount of time after the Court rules on any Rule 12 motions to finalize the administrative record to align its scope with the scope of any remaining claims. Likewise, the government has presented evidence

demonstrating that the relevant agencies have competing priorities and therefore must be afforded a reasonable amount of <u>total</u> time to compile the administrative record.

(2) In the Court's experience, the Defendants' proposed model for scheduling cross-motions for summary judgment, with Plaintiffs filing an opening motion, Defendants filing a combined opposition and cross-motion, Plaintiffs filing a combined reply and opposition, and Defendants filing a reply, is vastly more efficient and less repetitive than the more traditional alternative suggested by Plaintiffs. The four-step model is therefore adopted by the Court.

(3) As to the scheduling of discovery in connection with Plaintiffs' Sixth Claim for Relief (violation of Section 9 of the Endangered Species Act ("ESA")), Plaintiffs propose to wait until the filing of the administrative record before seeking any such discovery. In contrast, Defendants propose initiating discovery only "if the claim survives any [Rule 12] motions and [] cannot be resolved based on cross-motions for summary judgment." Doc. 1021 at 12. Discovery is, at least under certain circumstances, permissible in connection with ESA § 9 claims, which require a plaintiff to demonstrate "by a preponderance of evidence that the [defendants'] actions resulted in an unlawful take of [a listed species]." *Oregon Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1220 (D. Or. 2009); *see also Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus,* 233 F.R.D. 209, 211 (D.D.C. 2006) (discussing discovery disputes in connection with ESA Section 9 claim). Defendants' request to bar outright pre-dispositive motion discovery in this case is inappropriate for several reasons. First, Plaintiffs may agree, upon review of the administrative record, that discovery is unnecessary. Even if Plaintiffs do not so agree, it is likely to serve the interests of judicial and party efficiency to conduct discovery prior to the filling of dispositive motions, as doing so may obviate the need for two rounds of summary judgment motions. Once the Court and the parties are invested in dispositive motions practice, it is generally far more efficient to resolve all disputes simultaneously.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(4) The parties are instructed to meet and confer again in an attempt to adopt a mutually agreeable schedule that comports with these rulings. If the parties cannot agree, they are to submit competing schedules, providing dates only, without further argument, and the Court will determine the schedule unilaterally. The agreed upon schedule or list of disputed dates shall be submitted on or before June 2, 2016.

IT IS SO ORDERED.

Dated:   **May 24, 2016**                                    **/s/ Lawrence J. O'Neill**

UNITED STATES CHIEF DISTRICT JUDGE