# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN ZINKE, Secretary, U.S. Department of the Interior, et al., <br><br> Defendants. | Case No. 1:05-cv-01207 LJO-EPG <br><br> ORDER CONSTRUING AS FINDINGS AND RECOMMENDATIONS THE MAGISTRATE JUDGE'S APRIL 20, 2018 ORDER DENYING THE UNITED STATES' MOTION TO QUASH; ADDRESSING JOINED/INTERVENOR DEFENDANTS' OBJECTIONS THERETO; AND PERMITTING FORMAL OBJECTIONS BY TUESDAY, MAY 22, 2018. |
| SAN LUIS & DELTA MENDOTA WATER AUTHORITY, et al., <br><br> Defendant-Intervenors. | |
| ANDERSON-COTTONWOOD IRRIGATION DISTRICT, et al., <br><br> Joined Parties. | |

Joined/Intervenor Defendants are the only parties to object, ECF No. 1238, to the Court's stated intention, ECF No. 1237, to treat as findings and recommendations ("F&Rs") the magistrate judge's April 20, 2018 order denying the United States' motion to quash. ECF No. 1204. They object on the grounds that: (1) the issue was not formally referred to the magistrate judge prior to her ruling for the preparation of F&Rs; and (2) if the Court's treatment of the magistrate judge's order as F&Rs results in disposition (either explicitly or in practical effect) of the Seventh Claim for Relief, this would amount to a ruling on a motion for summary judgment without giving notice to Joined/Intervenor Defendants.

1

The first hyper-technical objection is without merit. Nothing precludes the Court from construing an order issued by a magistrate judge as F&Rs so long as notice and an opportunity to be heard are provided. The Court provided appropriate notice in its May 15, 2018 Minute Order. ECF No. 1238.

As to the second objection, Joined/Intervenor Defendants cannot maintain with any credulity that the merits of the Seventh Claim for Relief have not been on the table at least as far back as the magistrate judge's ruling on April 20, 2018, if not earlier. The law in this Circuit applicable to this discovery dispute is relatively clear. Under *Exxon Shipping Co. v. U.S. Dept. of Interior*, "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action." 34 F.3d 774, 780 (9th Cir. 1994). Contrary to Defendant Intervenor's contention in their request for reconsideration, the Ninth Circuit explained in *Exxon Shipping* that while collateral review under 5 U.S.C. § 706(2)(A), "will be available," that this option may be so time-consuming as to "effectively eviscerate the right to the requested testimony," providing further support for the Ninth Circuit's conclusion that district court review under the Federal Rules of Civil Procedure is an appropriate path. *Id*. at 780 n.11,

Here, the magistrate judge called for the filing of the Seventh Claim for Relief so that this Court could obtain personal jurisdiction over relevant officials within the Department of Commerce. As a result, a ruling on the motion to quash arguably amounts to a ruling on the merits of a claim pending before this Court. It is for this reason that the Court will and does construe the magistrate judge's April 20, 2018 Order as F&Rs. To all but the willfully blind, this Court's May 15, 2018 minute order amounted to notice to all parties that the Court's consideration of the magistrate's ruling as F&Rs and any ruling on those F&Rs will dispose of the Seventh Claim for Relief. Whether labeled as a motion for summary judgment or as an order addressing a motion to compel, the result is the same. To the extent Joined/Intervenor Defendants take the position that they were not previously aware of the obvious connection between construing the April 20, 2018 Order as F&Rs and the disposition of the Seventh Claim for relief, the Court grants them and any other party an opportunity to object to the F&Rs

formally. However, the Court will not delay discovery in this case to allow for further technical gamesmanship by Joined/Intervenor Defendants. Therefore, any objections are due **Tuesday, May 22, 2018**. To avoid duplication of efforts, the parties may incorporate by reference the arguments raised in prior briefs (the motion to quash and the motion for reconsideration). The Court does not believe significant additional issues remain to be briefed, so objections may be no longer than seven pages in length. Upon receipt of any objections, the Court will review them and determine whether responses will be permitted.

IT IS SO ORDERED.

    Dated: __**May 18, 2018**__             _____**/s/ Lawrence J. O'Neill**_____
                                                                           UNITED STATES CHIEF DISTRICT JUDGE