# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN ZINKE, Secretary, U.S. Department of the Interior, et al., <br><br> Defendants. | Case No. 1:05-cv-01207 LJO-EPG <br><br> ORDER FOR SUPPLEMENTAL BRIEFING RE PLAINTIFFS' STANDING TO PURSUE THE SIXTH CLAIM FOR RELIEF AGAINST RECLAMATION |
| SAN LUIS & DELTA MENDOTA WATER AUTHORITY, et al., <br><br> Defendant-Intervenors. | |
| ANDERSON-COTTONWOOD IRRIGATION DISTRICT, et al., <br><br> Joined Parties. | |

In the context of Federal Defendants "Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment," Federal Defendants request dismissal of Plaintiffs' Sixth Claim for relief against the Bureau of Reclamation ("Reclamation") on numerous jurisdictional grounds. *See* ECF No. 1210-1 at 26-34. Only two narrow aspects of that claim, which arises under Section 9 of the Endangered Species Act, 16 U.S.C. § 1538, remain pending against Reclamation: that Reclamation unlawfully "took" ESA-listed salmonids by (1) approving water transfers from Sacramento River Settlement Contractors ("SRS Contractors") to others in 2014 and 2015; and (2) by failing to require one SRS Contractor, the Glenn Colusa Irrigation District (GCID), to divert a certain volume of water from Stony Creek, rather than directly from the Sacramento River, during those same years. *See* ECF No.

1069 at 56-57.

As to the water transfer theory of liability, Federal Defendants argue, among other things, that Plaintiffs are unable to establish the causation or redress elements of Article III standing because Plaintiffs theory of causation turns on the assumption that the SRS Contractors would forfeit some portion of their contractual allocation(s) in the absence of the opportunity to transfer water. ECF No. 1210-1 at 29, 31. Federal Defendants maintain that this assumption is in error. *Id*. The Court is inclined to agree with Federal Defendants that if Plaintiffs cannot establish that the water would have remained un-diverted absent the transfers, causation as to this theory is lacking, especially in light of other evidence suggesting that the transfer approvals likely <u>delayed</u> water diversion in ways that could only have benefited salmonids. *Id*. at 36 (citing BOR0011863-65, 0011876, 0011889-90; 0011740-41).

The causation element of Article III standing requires that the injury be "fairly traceable to the challenged action of the defendant" and not "the result of the independent action of some third party not before the court." *Tyler v. Cuomo*, 236 F.3d 1124, 1132 (9th Cir. 2000). It is Plaintiffs' burden to demonstrate standing. *Id*. at 1131. In the context of evaluating whether a claim should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), "[i]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975); *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir. 2011).

Here, Plaintiffs have submitted water usage tables from certain water years (2011, 2012, 2013, 2016), which at least suggest that, in those years, the SRS Contractors did not use all of their contractual allocation(s). *See* Declaration of Kate Poole, Exs. 174-77 (ECF Nos. 1248-29–1248-32). However, conspicuously absent from the cited set of documents (*see* ECF No. 1247 at 39) are water usage tables

from 2014 and 2015, the drought years directly at issue in the Section 9 claim.[1]

The Court therefore directs Plaintiffs to present the missing years' water usage tables or to explain why those years have not been presented or should not be considered. If, as the Court surmises may be the case, the missing years reveal a different picture from the years already presented, Plaintiffs must explain why and how they have nonetheless established that the asserted injury is fairly traceable to Reclamation's conduct <u>in the years in question</u> (which is, ultimately, the burden) in light of the missing years' usage patterns.

Finally, Federal Defendants' motion to dismiss extends to the entirety of the Section 9 claim against Reclamation, including any claim premised upon the theory that Reclamation could have required GCID to divert a certain volume of water from Stony Creek instead of from the Sacramento River. It does not appear that Plaintiffs have mounted a serious opposition to dismissal of any Section 9 claim premised on the Stony Creek flow theory. As mentioned, it is Plaintiffs' burden to establish standing as to each and every claim. Accordingly, Plaintiffs are directed to indicate whether or not they are abandoning the Stony Creek flow theory. If they are not, they are instructed to direct the Court's attention to where in the existing record they have presented a plausible causal theory (either as causation is relevant to standing or as part of a theory of proximate cause on the merits) as to

---

[1] Plaintiffs also generically assert that they "have presented sufficient other evidence showing that [Reclamation's] failure to maintain temperature control, and specifically its approval of SRS water transfers, causes injury to their members' interests, an injury that could be redressed by Reclamation approving fewer transfers or limiting transfer amounts and timing." ECF No. 1247 at 38. But in support of this assertion they cite a section of their brief that reiterates without independent proof the challenged assertion that un-transferred water would have remained in storage, *id.*, as well as <u>all of the exhibits they have presented to the Court in connection with these vast cross motions for summary judgment – literally many hundreds if not thousands of pages</u>. *See id.* (citing "Dkt. 1175-81, 1183"). The Court is under no obligation to dig through this morass to determine whether Plaintiffs have standing. Nor is the Court persuaded by the other documents referenced by Plaintiffs in the context of their attempt to establish that Federal Defendants have proximately caused take, which support only the generic assertion that only "surplus" water is available for transfer. *See* ECF No. 1247 at 39 (citing BOR 7172-73; BOR 10355). Nothing in the record appears to allow the Court to assume that the term "surplus" as used in these documents equates to water that would otherwise remain un-used or un-diverted.

3

Reclamation's alleged failure to require GCID to divert water from Stony Creek as opposed to from the Sacramento River.

Plaintiffs are directed to address these two matters in a supplemental brief no longer than five pages in length (exclusive of attachments) on or before September 14, 2018. Thereafter, Federal Defendants shall have seven days to file a response, to which the same page limit applies.

IT IS SO ORDERED.

Dated: **August 31, 2018**  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE