# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID BERNHARDT, Acting Secretary, U.S. Department of the Interior, et al.,**<br><br>Defendants. | Case No. 1:05-cv-01207 LJO-EPG<br><br>**ORDER RE STATUS OF REMAINING CLAIMS IN THIS CASE AND REQUIRING SUPPLEMENTAL FILINGS** |
| **SAN LUIS & DELTA MENDOTA WATER AUTHORITY, et al.,**<br><br>Defendant-Intervenors. | |
| **ANDERSON-COTTONWOOD IRRIGATION DISTRICT, et al.,**<br><br>Joined Parties. | |

The Court currently has this case calendared for a bench trial beginning in early December 2019. That schedule leaves the undersigned barely enough time to conduct the trial and rule before the undersigned's anticipated retirement date.

Two branches of the sixth claim for relief arising under Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538, presently are set to be heard at the bench trial. First are Plaintiffs' allegations against the Sacramento River Settlement ("SRS") Contractor Defendants. Generally,

1

Plaintiffs allege that water diversions and transfers from the Sacramento River made by the SRS Contractors Defendants caused temperature related mortality to ESA-listed winter-run and spring-run Chinook salmon eggs and fry (young fish) in 2014 and 2015 in violation of Section 9.

In addition, certain aspects of Plaintiffs' ESA Section 9 claim against the U.S. Bureau of Reclamation ("Reclamation") survive to be tried. Plaintiffs allege that Reclamation unlawfully "took" ESA-listed salmonids by approving water transfers from SRS Contractors to others in 2014 and 2015 in violation of the ESA. Plaintiffs' success on this claim hinges in part on proving that Reclamation's conduct was not in conformity with the Incidental Take Statement ("ITS") (a form of permit to incidentally take ESA-listed species) issued by the National Marine Fisheries Service ("NMFS") as part of its 2009 Biological Opinion ("BiOp") covering the coordinated operation of the federal Central Valley Project ("CVP") and California's State Water Project ("SWP").

All parties have been aware for some time that Reclamation and NMFS have been engaged in the process of revisiting and possibly revising the conclusions of and conditions set forth in the 2009 NMFS BiOp through a process of "reconsultation" under ESA Section 7, 16 U.S.C. § 1536. In early February 2019, Reclamation took a major step forward in the reconsultation process, issuing its Biological Assessment ("BA") on the impacts of coordinated CVP and SWP operations on variously listed species, including winter-run and spring-run Chinook. *See* ECF No. 1232-1. Pursuant to a Presidential Memorandum issued October 19, 2018,[1] NMFS was tasked with completing its review of the BA and issuing its formal revised BiOp on or before mid-June 2019. *See id.*

The Court previously continued the trial in this case based on the anticipated schedule for revising the BiOp. *See* ECF No. 1349. The initial mid-June 2019 deadline was not met. Instead, on June 24, 2019, the United States filed a "Notice of New Information" indicating that NMFS had obtained a two-week extension, with an anticipated completion date of "no later than July 1, 2019." ECF No. 1354

---

[1] October 19, 2018 Presidential Memorandum on Promoting the Reliable Supply and Delivery of Water in the West, *available at* https://www.whitehouse.gov/presidential-actions/presidential-memorandum-promoting-reliable-supply-delivery-water-west/ (last visited July 10, 2019)

2

at 2. July 1 came and went. Then, on July 2, 2019, the United States filed a "Second Notice of New Information" indicating NFMS was in the process of "circulating draft sections of the BiOp for review by Relcamation and water users" and had "submitted sections of the BiOp for peer review by two qualified biologists." Third Declaration of Paul Souza, ECF No. 1357-1 at ¶ 7. The United States now indicates that it "intend[s] to release final BiOps no later than August 30, 2019." *Id*. at ¶ 10.

On July 10, 2019, the parties submitted a brief status report. ECF No. 1358. Operating on the assumption that "the Court is inclined to wait until after the new BiOp[] [is] issued" to address certain pending motions, the parties propose filing yet another status report within ten days of the issuance of the new BiOp. *Id*. The parties misunderstand the Court's position. The Court indicated its inclination to delay pretrial motions practice until after the revised BiOp issues at a time when the BiOp was anticipated to be complete by early July 2019. That timing would have allowed the Court to resolve all pending issues in this case in a timely manner. The new deadline has a profound impact on this calculus. If pretrial motions are not presented to the Court until September at the earliest, this case likely will not be able to be tried by the undersigned. Any scenario in which this case goes to trial after December 2019 is likely to cause significant delays and/or judicial inefficiency.

The Court has an obligation to manage its caseload. In addition, it ultimately will be Federal Defendants' burden to demonstrate that the anticipated revised BiOps moot the claims in this case. Thus far, the Court has received only vague, unsupported assertions about the impact of the BiOps on the pending claims. Accordingly, within 20 days of this Order, Federal Defendants are ordered to produce documents that will enable the Court to evaluate whether the anticipated revised BiOps indeed do have the potential to moot the claims in this case. Along with this production, Federal Defendants shall provide a brief memorandum, no more than four pages in length, explaining why they believe the final BiOp has the potential to moot the claims against Reclamation. Simultaneously, the SRS Contractors may submit their own memorandum, no longer than four pages in length, addressing whether (and, if so, why) they believe the final BiOp has the potential to moot the claims against them. Thereafter, Plaintiffs

1 | shall have ten days to file a response, equal to the combined length of the memoranda filed by
2 | Defendants.
3 | IT IS SO ORDERED.

    Dated:  **July 11, 2019**                      **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES CHIEF DISTRICT JUDGE