# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, et al.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**DAVID BERNHARDT, Acting Secretary, U.S. Department of the Interior, et al.,**<br><br>**Defendants.** | **CASE NO. 1:05-CV-01207 LJO-EPG**<br><br>**ORDER VACATING TRIAL DATE AND REQUIRING JOINT SCHEDULING PROPOSAL OR PERIODIC STATUS REPORTS** |
| **SAN LUIS & DELTA MENDOTA WATER AUTHORITY, et al.,**<br><br>**Defendant-Intervenors.** | |
| **ANDERSON-COTTONWOOD IRRIGATION DISTRICT, et al.,**<br><br>**Joined Parties.** | |

The Court currently has this case calendared for a bench trial beginning in early December 2019. Two branches of the sixth claim for relief arising under Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538, remain to be tried at the bench trial. First are Plaintiffs' allegations against the Sacramento River Settlement Contractor Defendants ("SRS Contractors"). Generally, Plaintiffs allege that water diversions and transfers from the Sacramento River made by the SRS Contractors caused temperature related mortality to ESA-listed winter-run and spring-run Chinook salmon eggs and fry (young fish) in 2014 and 2015 in violation of Section 9. In addition, certain aspects of Plaintiffs' ESA Section 9 claim against the U.S. Bureau of Reclamation ("Reclamation") survive to be tried. Plaintiffs allege that Reclamation unlawfully "took" ESA-listed salmonids by approving water transfers

1

from SRS Contractors to others in 2014 and 2015 in violation of the ESA. Plaintiffs' success on this claim hinges in part on proving that Reclamation's conduct was not in conformity with the Incidental Take Statement ("ITS") (a form of permit to incidentally take ESA-listed species) issued by the National Marine Fisheries Service ("NMFS") as part of its 2009 Biological Opinion ("BiOp") covering the coordinated operation of the federal Central Valley Project ("CVP") and California's State Water Project ("SWP").

A number of pretrial matters must be briefed and decided prior to any trial on the above claims. In addition, Plaintiffs have filed a motion for reconsideration of an earlier ruling in this case, *see* ECF No. 1335, which, if decided in Plaintiffs' favor, might require trial of additional claims.

All parties have been aware for some time that Reclamation and NMFS have been engaged in the process of revisiting and possibly revising the conclusions of and conditions set forth in the 2009 NMFS BiOp through a process of "reconsultation" under ESA Section 7, 16 U.S.C. § 1536. In early February 2019, Reclamation took a major step forward in the reconsultation process, issuing its Biological Assessment ("BA") on the impacts of coordinated CVP and SWP operations on variously listed species, including winter-run and spring-run Chinook. *See* ECF No. 1232-1. Pursuant to a Presidential Memorandum issued October 19, 2018,[1] NMFS was tasked with completing its review of the BA and issuing its formal revised BiOp on or before mid-June 2019. *See id*.

The Court previously continued the trial in this case based on the anticipated schedule for revising the BiOp. *See* ECF No. 1349. The initial mid-June 2019 deadline was not met. Instead, on June 24, 2019, the United States filed a "Notice of New Information" indicating that NMFS had obtained a two-week extension, with an anticipated completion date of "no later than July 1, 2019." ECF No. 1354 at 2. July 1 came and went. Then, on July 2, 2019, the United States filed a "Second Notice of New

---

[1] October 19, 2018 Presidential Memorandum on Promoting the Reliable Supply and Delivery of Water in the West, available at https://www.whitehouse.gov/presidential-actions/presidential-memorandum-promoting-reliable-supply-delivery-water-west/ (last visited Aug. 15, 2019).

2

Information" indicating NFMS was in the process of "circulating draft sections of the BiOp for review by Reclamation and water users" and had "submitted sections of the BiOp for peer review by two qualified biologists." Third Declaration of Paul Souza, ECF No. 1357-1 at ¶ 7. The United States indicates that it "intend[s] to release final BiOps no later than August 30, 2019." *Id*. at ¶ 10.

On July 10, 2019, in part out of a concern for judicial efficiency and in light of its own highly impacted calendar, the Court ordered Federal Defendants to produce documents to facilitate evaluation of whether the anticipated revised BiOps have the potential to moot the claims in this case. ECF No. 1359. In response, Federal Defendants provided a brief memorandum, two declarations from key agency personnel, and excerpts from the draft BiOp and related draft documents. *See* ECF No. 1360. In sum, while Federal Defendants acknowledge that the draft documents are subject to revision, they contend that, as presently formulated, those documents reflect a regulatory regime that is "substantially different" from that which applied in 2014 and 2015, such that any claims against Reclamation will be moot if the proposed regulatory regime becomes final. *Id*. The SRS Contractors point out in a separate memorandum that the draft documents also propose to extend take protection (*i.e*., take exemption) to the SRS Contractors, which, they argue, would moot the claims against them. ECF No. 1361.

Plaintiffs rejoin that it would be premature to decide whether the remaining claims are moot for several reasons. ECF No. 1362. For one thing, all of the draft documents are, as Defendants admit, subject to change. *Id*. at 1. In addition, even if the draft regulatory regime is adopted, it will be subject to legal challenge. *Id*. at 3. If such a challenge is successful, the new BiOp may be set aside, with the possibility of leaving the old regime in place. *Id*. In such a circumstance, Plaintiffs may consider asking the Court to stay the sixth claim for relief pending resolution of any challenge to the forthcoming BiOp. *Id*. at 4.

The Court concludes, reluctantly, that the current trial date cannot stand. It is still somewhat uncertain when the new BiOp will issue. Even if it is finalized by the end of August, the parties will need to brief fully a number of complex issues, starting with the question of whether the remaining

claims (and Plaintiffs' motion for reconsideration) are moot. Accordingly, all presently-scheduled pretrial and trial deadlines are VACATED. Within fourteen days of the issuance of any revised BiOp, the parties shall submit a joint status report proposing a schedule for further proceedings in this matter. Should Federal Defendants fail to issue a revised BiOp as presently scheduled (by the end of August 2019) they shall submit periodic status reports every thirty days, starting on September 18, 2019, and continuing until the BiOp issues, explaining the progress of the regulatory process.

IT IS SO ORDERED.

Dated: **August 15, 2019**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE