1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   NATURAL RESOURCES DEFENSE              No. 1:05-cv-01207 DAD-EPG
     COUNCIL, *et al.*,
11                                          FINAL JUDGMENT ON PLAINTIFFS'
                    Plaintiffs,             SECOND, FOURTH, AND FIFTH CLAIMS
12
             v.
13
     DAVID BERNHARDT, in his official       CASE TO REMAIN OPEN BUT STAYED
14   capacity as Secretary of the Interior, *et al.*,

15                  Defendants.

16

17   _____

18   SAN LUIS & DELTA MENDOTA
     WATER AUTHORITY, *et al.*,
19
                    Defendants-Intervenors.
20
     _____
21   ANDERSON-COTTONWOOD
     IRRIGATION DISTRICT, *et al.*,
22
                    Joined Parties.
23   _____

24          On March 12, 2018, a coalition of environmental interest groups led by the Natural Resources

25   Defense Council ("NRDC") (collectively, "Plaintiffs"), filed the currently operative Sixth

26   Supplemental Complaint ("6SC"), which includes numerous claims brought under the Administrative

27   Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and the Endangered Species Act ("ESA"), 16 U.S.C.

28   § 1531 *et seq*., against the U.S. Bureau of Reclamation ("Bureau" or "Reclamation"), the U.S. Fish

and Wildlife Service ("FWS") (collectively, "Federal Defendants"), and various Joined Defendants

and Defendant Intervenors.[1]  (*See generally* Doc. No. 1187.)

On November 3, 2020, the court granted Plaintiffs' request for entry of separate judgment

pursuant to Federal Rule of Civil Procedure 54(b) as to their second, fourth, and fifth claims for

relief.  (Doc. No. 1403.)  The court's November 3, 2020 order also contained a detailed

explanation of the procedural history of this case and summarized the second, fourth and fifth

claims for relief.  (*See generally id*.)  Most pertinent here are the following key events.  On

February 23, 2017, the court dismissed the fifth claim for relief[2] based upon an argument

presented in a motion to dismiss filed by the Federal Defendants.  (Doc. No. 1069.)  The court

declined to address any other arguments regarding the fifth claim for relief.  (*Id*. at 43.)  On

February 26, 2019, the court granted motions for summary judgment as to the second and fourth

claims for relief[3] filed by the Federal Defendants, Joined Parties, and Defendant-Intervenors.

---

[1]  Collectively, the Joined Parties and Defendant Intervenors are:  Anderson-Cottonwood Irrigation District, Beverly F., Arnold A., Michael D. and Mark C. Andreotti, Carter Mutual Water Company, Conaway Preservation Group LLC, Glenn-Colusa Irrigation District, Howald Farms, Inc., Knights Landing Investors, LLC, Maxwell Irrigation District, Meridian Farms Water Company, Natomas Central Mutual Water Company, Oji Brothers Farm, Inc., Oji Family Partnership, Pacific Realty Associates (aka M&T Chico Ranch), Pelger Mutual Water Company, Pelger Road 1700, LLC, Pleasant Grove-Verona Mutual Water Company, Princeton-Codora-Glenn Irrigation District, Provident Irrigation District, Reclamation District No. 108, Reclamation District No. 1004, City of Redding, Henry D. Richter, et al., River Garden Farms Company, Sutter Mutual Water Company, David and Alice teVelde Family Trust, Tisdale Irrigation and Drainage Company, Windswept Land and Livestock Company, San Luis & Delta-Mendota Water Authority, Westlands Water District, Coelho Family Trust, Eagle Field Water District, Fresno Slough Water District, Mercy Springs Water District, Oro Loma Water District, Tranquillity Irrigation District, Banta-Carbona Irrigation District, Patterson Irrigation District, West Stanislaus Irrigation District, The West Side Irrigation District, Del Puerto Water District, James Irrigation District, West Stanislaus Irrigation District, and Byron Bethany Irrigation District.

[2]  Generally, the fifth claim for relief alleged that, in light of die offs of ESA-listed winter-run and spring-run Chinook salmon that took place in 2014 and 2015 in the Upper Sacramento River, Reclamation should have reinitiated consultation under the ESA over the impacts to those species of Reclamation's renewal of long-term contracts for the delivery of water from the federal Central Valley Project.  (Doc. 1187 at ¶¶ 195-200.)

[3]  The fourth claim for relief alleged that a 2015 "Letter of Concurrence" ("2015 LOC") authored by the FWS was the culmination of an inadequate ESA consultation regarding the effects of long-term contract renewals on the ESA-listed delta smelt.  (Doc. 1187 at ¶¶ 189-194.)  The second claim for relief alleged that Reclamation acted unlawfully by accepting the 2015 LOC and implementing the long-term water supply contracts in reliance on the 2015 LOC.  (*Id*. at ¶¶ 201–205.)

(Doc. No. 1314.)  Plaintiff's cross-motions for summary judgment as to the second and fourth claims were denied.  (*Id.*)

In light of these rulings, IT IS HEREBY ORDERED that:

(1) On Plaintiffs' Second Claim, final judgment is entered in favor of Defendants David Bernhardt,[4] in his official capacity as Secretary of the Interior, and Brenda Burman, in her official capacity as Commissioner of the Bureau of Reclamation; and in favor of Defendant-Intervenors and Joined Parties.[5]

(2) On Plaintiffs' Fourth Claim, final judgment is entered in favor of Defendants David Bernhardt, in his official capacity as Secretary of the Interior, and Aurelia Skipwith,[6] in her official capacity as Director of the U.S. Fish and Wildlife Service; and in favor of Defendant-Intervenors and Joined Parties.

/////

/////

/////

/////

/////

/////

---

[4]  Pursuant to Federal Rule of Civil Procedure 25(d), Ryan Zinke was subsequently automatically substituted as a federal defendant for Sally Jewell, and David Bernhardt was subsequently automatically substituted as a federal defendant for Ryan Zinke.

[5]  Plaintiffs object to entry of judgment in favor of the joined parties as to any of the three claims at issue in this order on the ground that none of the claims are asserted against any of the Defendant-Intervenors and Joined Parties.  While this may be true, Defendant-Intervenors and Joined Parties have been permitted to intervene or have been joined to this case as defendants. Plaintiffs have pointed to no authority that suggests these parties are not entitled to the benefit of judgment under such circumstances.  In fact, when plaintiffs were themselves defendant-intervenors in a related lawsuit, they obtained judgment in their favor on claims that similarly were asserted only against federal agencies.  *See Delta Smelt Consolidated Cases*, 1:09-cv-00407-OWW-DLB, Doc. No. 884 (Amended Judgment entered May 18, 2011).  Whether the claims were resolved by motion to dismiss or by way of summary judgment is of no moment in reaching this conclusion.  However, whether Defendant-Intervenors and/or Joined Parties are entitled to anything else (such as costs of suit) in light of this court's repeated admonition that they not multiply the proceedings is an entirely separate question that is not before the court at this time.

[6]  Aurelia Skipwith is automatically substituted as a federal defendant for Greg Sheehan pursuant to Federal Rule of Civil Procedure 25(d).

1     (3) On Plaintiffs' Fifth Claim final judgment is entered in favor of Defendants David

2 Bernhardt, in his official capacity as Secretary of the Interior and Brenda Burman, in her official

3 capacity as Commissioner of the Bureau of Reclamation; and in favor of Defendant-Intervenors

4 and Joined Parties.

5     This case shall remain in an OPEN but STAYED status.

6 IT IS SO ORDERED.

7   Dated:   **December 28, 2020**

8                      UNITED STATES DISTRICT JUDGE

4